IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON PEEK, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-573-P |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| TDCJ-CID,[1] | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jason Peek, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving two 25-year sentences for felony convictions in Parker and Wise Counties. TEXAS DEPARTMENT OF CRIMINAL JUSTICE, TDCJ's Offender Information Details, http://www.offender.tdcj.gov/OffenderSearch/offenderDetail (last visited September 4, 2020). By this habeas petition, Petitioner challenges a 2020 disciplinary proceeding conducted at the Havins pre-release facility and the resultant temporary loss of telephone,

---

[1] Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

visitation, recreation and commissary privileges and a reduction in class status from S-2 to S-4. Disciplinary Hr'g R. 16-18, ECF No. 12-2. Petitioner was charged in Disciplinary Case No. 20200106942 with establishing an inappropriate relationship with a staff member, a level 2, code 30.2 violation. *Id.* at 4. After receiving notice of the charges, Petitioner and his "counsel substitute" attended a disciplinary hearing on January 17, 2020, during which he pleaded guilty to the offense. *Id.* at 16-18. After considering the evidence admitted during the hearing, the disciplinary hearing officer found Petitioner guilty of the violation. *Id.* at 18. Petitioner filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. Disciplinary Grievance R. 3-6, ECF No. 12-1. This federal petition for writ of habeas corpus followed.

## II. ISSUES

In four grounds, petitioner raises the following claims:

(1) there was insufficient and contradictive evidence that does not support the charge;
(2) in violation of the Fifth Amendment, the disciplinary hearing officer compelled him to enter a guilty plea;
(3) he received ineffective assistance of counsel substitute; and
(4) in violation of the Fourteenth Amendment, his parole was still revoked.

Pet. 6-7. ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes exhaustion as required by 28 U.S.C. § 2254(b) was not accomplished, however the record reflects that Petitioner filed Step 1 and 2 grievances, which were both considered and rejected by prison officials. Disciplinary Grievance R. 3-6,

2

ECF No. 12-1. Thus, the Court finds that Petitioner sufficiently exhausted his administrative remedies for purposes of § 2254(b). Respondent does not otherwise believe that the petition is untimely or subject to the successive-petition bar. Resp't Answer 4-8, ECF No. 11.

**IV. DISCUSSION**

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In Texas, only disciplinary sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision implicate protected constitutional rights. *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir.2000). Petitioner did not lose any good time credits as a result of the disciplinary proceeding. Accordingly, he fails to state a claim for federal habeas-corpus relief under grounds one and two.

Nor does ineffective assistance of counsel in a prison disciplinary proceeding present a valid claim for federal habeas-corpus relief, because there is no constitutional right to representation in a prison disciplinary proceeding. *Wolff v. McDonnell,* 418 U.S. 539, 570 (1974); *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976). If there is no constitutional right to counsel at a disciplinary hearing, a prisoner cannot be deprived of the effective assistance of counsel, even where counsel or "counsel substitute" is appointed. *Wainwright v. Torna,* 455 U.S. 586, 587-588 (1982). Petitioner is not entitled to relief under ground three.

Finally, it is well settled that the Texas parole statutes do not confer a right to be

released on parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). Therefore, to whatever extent the challenged disciplinary violation may have affected Petitioner's eligibility for or release on parole, he fails to state a claim that is cognizable on federal habeas-corpus review. *Sandin v. Conner,* 515 U.S. 472, 483-484 (1995); *Madison,* 104 F.3d at 767. Petitioner is not entitled to relief under ground four.

## V.  CONCLUSION

Petitioner has failed to show that he has been denied a constitutionally protected right warranting federal habeas relief.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 4th day of September, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE